1

2

3

4                  UNITED STATES DISTRICT COURT

5                  CENTRAL DISTRICT OF CALIFORNIA

6

7    JACK LEROY CARROLL,

8                         Plaintiff,          Case No. .   2:22-cv-02742-GW (MAR)

9              v.

10   RALPH DIAZ, ET AL.,                      ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND
11                        Defendant.

12

13                                I.

14                        **INTRODUCTION**

15        On April 20, 2022, Jack Leroy Carroll ("Plaintiff"), proceeding in forma

16   pauperis ("IFP") and pro se, constructively filed[1] a Complaint ("Complaint") against

17   Ralph Diaz ("Diaz"), Secretary of the California Department of Corrections and

18   Rehabilitation ("CDCR"); Gina Rasheed ("Rasheed"), a registered nurse for the

19   CDCR; Michael Felder, MD ("Felder"), Chief Medical officer of the CDCR; and John

20   Doe-One, MD, the treating physician and surgeon (collectively, "Defendants").  ECF

21   Docket No. ("Dkt.") 1 at 3–4.  For the reasons discussed below, the Court dismisses

22   the Complaint with leave to amend.

23        **If Plaintiff desires to pursue this action, he is ORDERED to respond by**

24   **no later than June 27, 2022, by choosing one (1) of the three (3) options**

25

26   _____

27   [1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to
     court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v.
28   Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103,
     1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

1  **discussed in Part V, below.**  Further, Plaintiff is admonished that, if he fails to

2  timely respond, the Court may recommend that this action be dismissed without

3  further leave to amend and with prejudice for failure to state a claim and follow the

4  Court's orders.

5                                    II.

6                    <u>SUMMARY OF THE COMPLAINT</u>

7  **A.    FACTUAL ALLEGATIONS**

8         Plaintiff alleges that each defendant showed "deliberate indifference to a

9  serious medical need" that resulted in significant injury to Plaintiff.  Dkt. 1 at 8.  On

10  or around December 20, 2017, while detained at California State Prison, Los Angeles

11  County, Plaintiff experienced severe pain in his right testicle, which was hard with

12  lumps.  <u>Id.</u> at 9.  One week later, Plaintiff completed a CDC 7362 Health Care Service

13  Request Form to seek medical care.  <u>Id.</u>  After completing this form, Plaintiff met

14  with Defendant Rasheed, a registered nurse "who's job [it] is to block treatment."  <u>Id.</u>

15  Plaintiff alleges that Defendant Rasheed minimized his concerns and dismissed the

16  possibility of a testicular tumor.  <u>Id.</u>  When Plaintiff insisted on seeing a doctor,

17  Defendant Rasheed was offended and allegedly retaliated by writing in Plaintiff's

18  medical report that she observed no medical abnormalities.  <u>Id.</u>

19         A few days later, Plaintiff was seen by a doctor, Defendant Doe-One.  <u>Id.</u>

20  After examining the Plaintiff and his medical record, Defendant Doe-One advised

21  Plaintiff that he would not be ordering any further testing and opined that "not

22  knowing the problem[] is sometimes better then [sic] the treatment."  <u>Id.</u> at 10.

23  Plaintiff alleges that he suffered in pain for the next two years as the cancer spread to

24  his abdomen.  <u>Id.</u>  However, it is not clear whether Plaintiff subsequently sought or

25  received medical care after his visit with Defendant Doe-One.

26         On or around March 5, 2021, Plaintiff experienced extreme pain in his stomach

27  and went "man-down," which resulted in him being rushed to a hospital outside of

28  the prison.  <u>Id.</u>  Plaintiff was seen by a urologist who performed a feel-examination of

1   Plaintiff's testicles and exclaimed, "how long has this been like this?"  Id.  The

2   urologist appeared to express shock at how long Plaintiff had gone without medical

3   treatment and that his cancer was not identified earlier.  See id.  The urologist advised

4   that the mass on Plaintiff's testicle required urgent removal and, approximately four

5   days later, Plaintiff underwent emergency surgery to remove his right testicle, which

6   was rife with cancerous tumors.  Id. at 11.  Plaintiff alleges that, due to this surgery, he

7   will never be able to have children or a family, and that this realisation caused him to

8   suffer severe emotional trauma and a diminished quality of life.  Id.  Then, on April

9   19, 2021, Plaintiff underwent chemotherapy and was told that he was close to dying.

10  Id.  Plaintiff claims that his chemotherapy compromised his immune system, which

11  rendered him especially vulnerable during the COVID-19 pandemic.  Id. at 12.

12      Plaintiff claims that Defendant Diaz, the Secretary of the CDCR, and

13  Defendant Felder, the CDCR's Chief Medical Officer, are using medicine to punish

14  and disable prisoners.  Id. at 11.

15  **B.    CLAIMS**

16      Plaintiff brings the following two claims: 1) an Eighth Amendment claim

17  alleging that Defendants were deliberately indifferent to his serious medical needs; and

18  2) a claim for medical negligence and malpractice under California law.  Id. at 8.

19  **C.    RELIEF SOUGHT**

20      Plaintiff seeks injunctive relief, in the form of proper medical diagnostic testing

21  and treatment; general damages; special damages; punitive damages; and attorneys'

22  fees and costs.  Id. at 13.

23                          **III.**

24                  **STANDARD OF REVIEW**

25      Where a plaintiff proceeds in forma pauperis, a court must screen the

26  complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it

27  concludes the action is frivolous or malicious, fails to state a claim on which relief may

28  be granted, or seeks monetary relief against a defendant who is immune from such

                               3

1   relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194

2   (9th Cir. 1998).

3        Dismissal for failure to state a claim can be warranted based on either a lack of

4   a cognizable legal theory or the absence of factual support for a cognizable legal

5   theory.  See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104

6   (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it

7   discloses some fact or complete defense that will necessarily defeat the claim.

8   Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984), abrogated on other

9   grounds by Neitzke v. Williams, 490 U.S. 319 (1989).  Although the plaintiff must

10  provide "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S.

11  544, 555 (2007), "[s]pecific facts are not necessary; the [complaint] need only give the

12  defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."

13  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and quotation marks

14  omitted).

15       In considering whether a complaint states a claim, a court must accept as true

16  all the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892–93

17  (9th Cir. 2011).  However, a court need not accept as true "allegations that are merely

18  conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re

19  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  The court must also

20  construe the pleading in the light most favorable to the pleading party and resolve all

21  doubts in the pleader's favor.  See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.

22  2005).  Pro se pleadings are "to be liberally construed" and are held to a less stringent

23  standard than those drafted by a lawyer.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.

24  2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not

25  alter courts' treatment of pro se filings; accordingly, we continue to construe pro se

26  filings liberally when evaluating them under Iqbal.").

27  ///

28  ///

4

**IV.**

**DISCUSSION**

**A.    PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM UNDER SECTION 1983**

> **1.    Applicable law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). The Eleventh Amendment also prohibits "suits naming state agencies and departments as defendants," regardless of whether the plaintiff "seek damages or injunctive relief." Id. The Ninth Circuit has specifically held that CDCR is a state agency entitled to immunity under the Eleventh Amendment. Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (finding a suit against a state's Board of Corrections is barred by the Eleventh Amendment); Stroman v. California Dep't of Corr. & Rehab., No. CV 14-524-WBS (CKD), 2014 WL 2208174, at *1 (E.D. Cal. May 28, 2014) ("In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment.").

An "official capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . [such a suit] is not a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (citations and internal quotation marks omitted); see also Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966–67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity). A plaintiff may seek monetary damages under section 1983 from state employees in their individual capacity. See Adler v. Lewis, 675 F.2d 1085, 1098 (9th Cir. 1982) ("State officials must be sued in their individual capacity in an action for monetary damages."). However, because "a suit against a

1  state official in his or her official capacity . . . is no different from a suit against the

2  State itself," state officials sued in their official capacity, like the State itself, are

3  generally entitled to immunity in a section 1983 action.  Flint v. Dennison,

4  488 F.3d 816, 824–25 (9th Cir. 2007) (citation omitted).

5    **2. Analysis**

6    Here, Plaintiff is suing the Defendants in both their official and individual

7  capacities.  Dkt. 1 at 2–4.  Thus, barring any applicable exception, Defendants, in their

8  capacity as state officials, are entitled to immunity in this 1983 action.  If Plaintiff

9  elects to file a First Amended Complaint, he should either sue state employees in their

10  individual capacity for damages or sue state employees in their official capacity for

11  injunctive relief only.

12    Furthermore, Plaintiff's claims against Defendants Diaz and Felder appear to

13  be based on a theory of respondeat superior liability.  Dkt. 1 at 3, 9, 11.  Government

14  officials may not be held liable for the unconstitutional conduct of their subordinates

15  under a theory of respondeat superior.  See Ashcroft v. Iqbal, 556 U.S. 662, 676

16  (2009).  Rather, to be held liable, a supervising officer has to personally take some

17  action against the plaintiff or "set in motion a series of acts by others . . . which he

18  knew or reasonably should have known, would cause others to inflict the

19  constitutional injury" on the plaintiff.  Larez v. City of Los Angeles, 946 F.2d 630, 646

20  (9th Cir. 1991) (internal quotations omitted).  To the extent any of Plaintiff's claims

21  are based on a theory of respondeat superior liability, they must be dismissed.  See

22  Mortimer v. Baca, 594 F.3d 714, 721 (9th Cir. 2010) ("There is no respondeat superior

23  liability under § 1983.").

24  **B. PLAINTIFF FAILS TO STATE AN INADEQUATE MEDICAL CARE**

25    **CLAIM UNDER THE EIGHTH AMENDMENT**

26    **1. Applicable law**

27    Prison officials or private physicians under contract to treat state inmates

28  "violate the Eighth Amendment if they are deliberately indifferent to a prisoner's

1  serious medical needs."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014)

2  (citation, internal quotation marks, and alterations omitted); Farmer v. Brennan,

3  511 U.S. 825, 828 (1994); West v. Atkins, 487 U.S. 42, 54 (1988).  To assert a

4  deliberate indifference claim, a prisoner plaintiff must show the defendant:

5  (1) deprived him of an objectively serious medical need, and (2) acted with a

6  subjectively culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  "A

7  medical need is serious if failure to treat it will result in significant injury or the

8  unnecessary and wanton infliction of pain."  Peralta, 744 F.3d at 1081 (citations and

9  internal quotation marks omitted).

10      "A prison official is deliberately indifferent to [a serious medical] need if he

11  knows of and disregards an excessive risk to inmate health."  Id. at 1082 (citation and

12  internal quotation marks omitted).  This "requires more than ordinary lack of due

13  care."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal

14  quotation marks omitted).  The "official must both be aware of facts from which the

15  inference could be drawn that a substantial risk of serious harm exists, and he must

16  also draw the inference."  Id. (citation and internal quotation marks omitted).

17      "Deliberate indifference may appear when prison officials deny, delay, or

18  intentionally interfere with medical treatment, or it may be shown by the way in which

19  prison physicians provide medical care."  Id. (citation and internal quotation marks

20  omitted).  In either case, however, the indifference to the inmate's medical needs must

21  be purposeful and substantial; negligence, inadvertence, or differences in medical

22  judgment or opinion do not rise to the level of a constitutional violation.  Jackson v.

23  McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) cert. denied,

24  519 U.S. 1029 (1996); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)

25  (negligence constituting medical malpractice is not sufficient to establish an Eighth

26  Amendment violation); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v.

27  State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of

28  opinion between a prisoner-patient and prison medical authorities regarding treatment

1   does not give rise to a" section 1983 claim."). A plaintiff "must show that the course

2   of treatment the doctors chose was medically unacceptable under the circumstances,

3   and . . . that they chose this course in conscious disregard of an excessive risk to

4   plaintiff's health." Jackson, 90 F.3d at 331.

5        **2.**    **Analysis**

6        Here, Plaintiff alleges that CDCR medical personnel either delayed in providing

7   or failed to provide Plaintiff with necessary medical care, which resulted in Plaintiff's

8   testicular cancer going untreated for over two years, emergency surgery to remove

9   cancerous tumors from Plaintiff's testicle, and subsequent infertility. Dkt. 1 at 8–11.

10       Although Plaintiff has partially described the type of care he was denied and his

11  resulting injuries, Plaintiff has not shown that the lack of medical care exceeded mere

12  negligence or a difference of opinion in care. Plaintiff alleges that Defendant Rasheed

13  retaliated against Plaintiff by refusing to note in his medical record Plaintiff's

14  complaints of testicular pain and abnormalities. Id. at 9. Yet, Plaintiff's allegations

15  against the remaining Defendants do demonstrate a conscious disregard of an

16  excessive risk to Plaintiff's health. See Jackson, 90 F.3d at 331. Moreover, Plaintiff's

17  Complaint is largely devoid of specific factual allegations against Defendants Diaz and

18  Felder. In other words, Plaintiff has not alleged facts as to each individual Defendant

19  that could support an inference that the Defendants made a conscious choice to deny

20  him care, despite the risk to Plaintiff's health.

21       If possible, any amended complaint should include additional details about

22  Plaintiff's ailments at the time of the alleged violation and the specific conduct of the

23  CDCR medical personnel, and the amended complaint should clearly restate relevant

24  information from Plaintiff's initial Complaint.

25  ///

26  ///

27  ///

28  ///

1  **C.     PLAINTIFF FAILS TO STATE A RETALIATION CLAIM UNDER**

2        **THE FIRST AMENDMENT**

3       **1.    Applicable law**

4       The First Amendment provides that "Congress shall make no law . . . abridging

5  the freedom of speech . . . ." U.S. Const. amend. I. The First Amendment also

6  guarantees the right "to petition the Government for a redress of grievances." White

7  v. Lee, 227 F.3d 1214, 1227 (9th Cir. 2000). "To state a First Amendment retaliation

8  claim, a plaintiff must plausibly allege that (1) [s]he was engaged in a constitutionally

9  protected activity, (2) the defendant's actions would chill a person of ordinary

10  firmness from continuing to engage in the protected activity and (3) the protected

11  activity was a substantial or motivating factor in the defendant's conduct." Capp v.

12  Cnty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks

13  omitted) (internal citations omitted).

14       Furthermore, to state a First Amendment retaliation claim, Plaintiffs do not

15  need to show their "speech was actually inhibited or suppressed." Lacey v. Maricopa

16  Cnty., 693 F.3d 896, 916 (9th Cir. 2012) (quoting Mendocino Env'tl. Ctr. v.

17  Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999)) (internal quotation marks

18  omitted). Rather, courts look to "whether an officials' acts would chill or silence a

19  person of ordinary firmness from future First Amendment activities." Id. at 916–17.

20      **2.    Analysis**

21       Plaintiff alleges that Defendant Rasheed denied him adequate medical care in

22  retaliation for his insistence on seeking a doctor, rather than a nurse. Dkt. 1 at 9.

23  However, Plaintiff has not alleged any facts that could support a reasonable inference

24  that his protected conduct was a motivating factor in the alleged denial of medical

25  care; rather, Plaintiff merely makes a conclusory allegation that he believes the denial

26  of medical care was retaliatory. Id. Without more, Plaintiff has failed to state a claim

27  for retaliation.

28  ///

# V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT by June 27,** Plaintiff must choose one (1) of the following three (3) options:

1.     Plaintiff may file an Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is instructed to mail Plaintiff a blank Central District civil rights complaint form to use for filing an Amended Complaint, which the Court encourages Plaintiff to use.  The Clerk of Court is also directed to mail Plaintiff a copy of the Complaint, Dkt. 1, for reference.**

If Plaintiff chooses to file an Amended Complaint, Plaintiff is advised that doing so would entirely replace the Complaint in this action.  In addition, any Amended Complaint must:

(a)    be labeled "First Amended Complaint";

(b)    be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all the claims on which Plaintiff seeks to proceed, (see Local Rule 15-2);

(c)    contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a) and identify whether Plaintiff is suing each Defendant in their individual and/or official capacity;

(d)    make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);

(e)    make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);

(f)    set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each

defendant did and how each specific defendant's conduct injured plaintiff; and

(g)  not add defendants or claims without leave of court.

2.  Alternatively, Plaintiff may file a notice with the Court that they intend to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the Complaint be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.  Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>**The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if they choose to voluntarily dismiss the action.**</u>

**Plaintiff is explicitly cautioned that failure to timely file an Amended Complaint may result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  May 27, 2022

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is
dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim
brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
            *Date*                              *Signature of Attorney/Party*

*NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

**FILED**
CLERK, U.S. DISTRICT COURT

APR 25 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

JACK LEROY CARROLL
FULL NAME

COMMITTED NAME (if different)

P.O.Box 8457
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Lancaster, California. 93539-8457

V-90846
PRISON NUMBER (if applicable)

Received 4/22/22
(Date)
Scanned at LAC and E-mailed
on 4/22/22 by TD
(Date)        (Initials)
Number of pages scanned:
30

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JACK LEROY CARROLL

PLAINTIFF,

v.

SECRETARY OF CDCR RALPH DIAZ, et al.

DEFENDANT(S).

CASE NUMBER

**2:22-CV-02742-GW-MAR**

_To be supplied by the Clerk_

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** _(Check one)_

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? _____ N/A _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   N/A

a. Parties to this previous lawsuit:
Plaintiff ___N/A___

Defendants ___N/A___

b. Court ___N/A___

c. Docket or case number ___N/A___

d. Name of judge to whom case was assigned ___N/A___

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ___N/A___

f. Issues raised: ___N/A___

g. Approximate date of filing lawsuit: ___N/A___

h. Approximate date of disposition ___N/A___

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes  ☐ No

   If your answer is no, explain why not _____
   __See attached Health Care Services appeal Log No., KVSP-HC-21000489__
   __dated August 23, 2021__

3. Is the grievance procedure completed? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure. Exhibit A

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ___JACK LEROY CARROLL___
(print plaintiff's name)
who presently resides at ___California State Prison-Los Angeles County___,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) __12/27/2017__ , __12/29/2017__ , __03/09/2021__ .
                     (Claim I)         (Claim II)             (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  __RALPH DIAZ__                   resides or works at
              (full name of first defendant)

                  __P.O.Box 588500, Elk Grove, CA. 95758__
                  (full address of first defendant)

                  __Secretary of CDCR__
                  (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defendant Diaz was responsible for implementing, supervising, and__
__enforcing complaince with policies and procedures of the CDCR.__

2.  Defendant  __GIWA RASHEED__               resides or works at
              (full name of first defendant)

                  __P.O.Box 5104, Delano, CA. 93216__
                  (full address of first defendant)

                  __Registered Nurse for CDCR__
                  (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defenant Rasheed was deliberately indifferent to a serious medical__
__medical need, and her failure to treat resulted in significat injury.__

3.  Defendant  __MICHAEL FELDER, MD__           resides or works at
              (full name of first defendant)

                  __P.O.Box 5104, Delano, CA.  93216__
                  (full address of first defendant)

                  __Chief Medical Officer of CDCR__
                  (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defendant Felder was responsible for superivising plaintiffs'__
__medical treatment and his failure resulted in significat injury.__

4. Defendant __JOHN DOE-ONE, MD_____ resides or works at
   (full name of first defendant)

   __P.O.Box 5104, Delano, CA._____
   (full address of first defendant)

   __Physician and Surgeon_____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defendant John Doe-One was the medical doctor who failed to treat__

__the plaintiff for a serious medical need, resulting in significat injury__

5. Defendant _____ resides or works at

   _____
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

CIVIL RIGHTS COMPLAINT

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

Eighth Amendment violation-Deliberate Indiffence to serious medical needs. Plaintiff respectfully request that the court refer to attached typed civil complaint, page 7, under CLAIM FOR RELIEF, paragraphs 19 through 25, hereby incorporated by reference.

Petitioner is seeking a federal/state cognizable claim concerning violation of both federal and state law.

REFER TO NEXT PAGE FOR CIVIL COMPLAINT

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Plaintiff respectfully request that the court refer to attached Typed Civil Complaint, pages 4-6, under SUPPORTING FACTS, paragraphs 6 through 18. hereby incorporated by reference. This has allowed the petitioner to include all facts clearly/exactly what each defendant did (by name) to violate his civil rights.

REFER TO NEXT PAGE FOR CIVIL COMPLAINT

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

1  JACK LEROY CARROLL
   CDCR# V-90846
2  P.O.Box 8457  FCB3-146U
   Lancaster, California.  93539-8457
3

4

5                    UNITED STATES DISTRICT COURT

6                    CENTRAL DISTRICT OF CALIFORNIA

7

8  JACK LEROY CARROLL,                    )
              Plaintiff,                  )   CASE NO._____
9  vs.                                    )
                                          )
10 SECRETARY OF CDCR RALPH DIAZ,          )   COMPLAINT UNDER THE CIVIL
   CHIEF MEDICAL OFFICER MICHAEL          )   RIGHTS ACT OF 42 USC § 1983
11 FELDER, DOCTOR JOHN DOE-ONE, AND       )
   REGISTERED NURSE GIWA RASHEED,         )
12 ALL IN THEIR OFFICIAL AND              )   DEMAND FOR JURY TRAIL
   INDIVIDUAL CAPACITIES,                 )
13            Defendants.                 )
   _____)
14

15                         JURISDICTION

16      1.    This complaint for damages concerns the defendant's

17 failure to maintain an Eighth Amendment protection claim based on

18 "deliberate indifference to a serious medical need". Plaintiff will

19 demonstrate that the defendant's actions/failure to treat him for

20 Stage 1 seminomas testicular tumors resulted in further significant

21 injury, unnecessary and wanton infliction of pain. Plaintiff intends to

22 establish the response to this need was deliberately indifferent,

23 pursuant McGuckin v. Smith, 947 F.2d 1050, 1059-60 ((th Cir. 1092).

24 Plaintiff intends to demonstrate that the failure of the defendant's

25 to offer basic medical treatment to Stage 1 seminomas testicular

26 tumors would result in testicular Cancer, and the removal of

27 the the plaintiffs testicle.  The defendant's negligence will

28                              1

1   be established "by showing (a) a purposeful act or failure to
2   respond to a prisoner's pain or possible need and (b) harm caused
3   by indifference." Jett, 439 F.3d at 1096 (citation omitted).
4   The plaintiff will not show that the defendant's failure "to
5   act in the face of a unjestifiably high risk that is either known
6   or so obvious that it should be known", as this is insufficient
7   to establish an Eighth Amendment violation under Farmer v. Brennan,
8   511 U.S. 825, 836-37 & n.5 (1994)(Citation omitted). Rather,
9   plaitiff will show that the defendant's with deliberate indifference
10  subjectively knew of and distregarded an excessive risk to his
11  health and safety pusuant to Toguchi v. Chung, 391 F.3d 1051,
12  1057 (9th Cir. 2004).
13      2.   The plaintiff is seeking to exercise a supplemental
14  jurisdiction state law claim concerning medical negligence and
15  malpractice under California law. Plaintiff intends to establish
16  a cognizable federal/state claim by showing "(1) the duty of
17  the professional to use such skill, prudence, and diligence as
18  other members of his profession commonly possess and exercise;
19  (2) a breach of that duty; (3) a proximate causal connection
20  between the negligent conduct and the resulting injury; and (4)
21  actual loss or damage resulting from the professional's
22  negligence." Sampson v. Ukiah Valley Med. Ctr., No. 15-CV-00160-
23  WHO, 2017 WL 2834001, at *3 n.5 (N.D.Cal., June 30, 2017) (quoting
24  Machado v. Cal. Dep't of Corrs. and Rehab., 12-cv-6501-JSC, 2013
25  WL $800380 at *5 (N.D. Cal., Oct. 28, 2013). In the state claim
26  plaintiff intends to prove that some defendant's had a federal/
27  state liability to provide basic treatment under state law.
28                                    2

1                              <u>VENUE</u>

2        3.    All of the claims giving rise to the claims alleged

3   herein, arose in the city of Delano California. Since then,

4   plaintiff has been transferred to a medical Institution for

5   further medical treatment. This institution is called California

6   State Prison-Los Angeles County, and as the name implies, is

7   located in Los Angeles County, and therefore, the United States

8   District Court-Central District of California is the correct

9   venue pursuant to 28 USC § 1391.

10                             <u>CLAIMS</u>.

11  (1)   4.    Plaintiff alleges, and therefore believes that each

12  defendant showed "deliberate indifference to a serious medical

13  need", and this resulted in further significant injury, specifically,

14  the loss of his testicle  to testicular Cancer, which violated

15  the Eihth Amendment of the United States Constitution.

16  (2)   5.    Plaintiff alleges, and therefore believes that each

17  defendant violated state law. Plaintiff is seeking a federal/state

18  cognizable claim concerning medical negligence and malpractice

19  under California law. Plaintiff will prove that the defendant's

20  had duty as a professional to use such skill, prudence, and diligence

21  as other members of his profession commonly possess and exercise.

22  That the defendant's breached that duty, and this negligence

23  resulted in serious injury, specifically, the loss of his testicule

24  to Cancer. The plaintiff intends to show that the defendant's

25  acted with a desire to cause harm. That the plaintiff clearly

26  notified the defendant's of a serious testiclar Cancerous tumor

27  in right testicle using the only method the CDCR policy allows.

28                                3

1                              SUPPORTING FACTS

2        6.    On or about December 20, 2017, plaintiff Jack Leroy

3   Carroll, noticed that his right testicle was hard with lumps.

4   He was experiencing severe pain and needed medical attention.

5        7.    On or about December 27, 2017, plaintiff completed

6   a CDC 7362 Health Care Services Request form, which is California

7   Department of Corrections and Rehabilitation (CDCR) policy and

8   medical procedure created, implemented, supervised, and enforced

9   by CDCR Ralph Diaz and Chief Medical Doctor Michael Felder.

10       8.    Prisoner's know using these CDC 7362 medical request

11  will result in seeing a Registered Nurse (RN), who's job is to

12  block treatment. The plaintiff seen RN Giwa Rasheed, and she read

13  the CDC 7362 medical form, which declared: "A week ago I noticed

14  that my right testicle is 90% hard with lumps, and the back half

15  is soft and hurts to the touch. Is this normal. I'd like to see

16  a Dr. about this." Defendant Rasheed started to minimize the

17  plaintiff concerns. When the plaintiff asked if he had testiclar

18  tumors, RN Rasheed was dismissive of the idea of tumors, opining

19  that the patient did not know how to do a testiclar self-examination.

20  The plaintiff insisted on seeing a Doctor. RN Rasheed retaliated

21  by writing in the patients medical report that she observed

22  no medical abnormalities. This malicious act would have devastating

23  consequences in the years to come.

24       9.    The plaintiff a few days later seen a Doctor (indentified in

25  complaint as John Doe-One, who's name is unknown, but can be ascertained

26  during discovery). The plaintiff explained what he called lumps or

27  tumors in his testicles causing extreme pain. The defendant examined

28                                    4

1  the plaintiff, and consulted the medical report written by RN
2  Giwa Rasheed.

3     10.   The defendant, Doctor John Doe-One, informed the plaintiff
4  that RN Rasheed seen no need to treat him for testicle tumors,
5  and he would not be ordering diagnostic test, including CT scans
6  or blood test. Doctor John Doe-One opined that not knowing the
7  magnitude of the problem, is sometimes better then the treatment.

8     11.   The plaintiff asked what about the pain, and was informed
9  not to touch his testicles. The plaintiff became trapped between
10 CDCR policy and procedure, overseen by the defendant's Diaz
11 and Felder, and the laziness and vindictiveness of defendant's
12 Rasheed and John Doe-One.

13    12.   The plaintiff was forced to suffer with pain for over
14 two years, while the testicular tumors ravaged his body. The
15 Cancer spread to his abdomen and became intolerable. The plaintiff
16 did not have access to a second-opinion, as Doctor John Doe-
17 One was his Primary Care Provider (PCP), and RN Rasheed was the
18 Nurse for the prison-yard clinic.

19    13.   On about March 05, 2021, plaintiff felt extreme pain
20 in his stomach, and went "man-down", which resulted in him being
21 taken to the Central Triage Center (CTC), were an ambulance
22 was called to transfer him to an out-side hospital.

23    14.   Upon arrival to the out-side hospital, plaintiff was
24 seen by a Urologist who preformed a feel-examination of his
25 testicles. She Jerked back and asked "how long has this been like
26 this?" Plaintiff explained that this issue has lasted
27 approximately 3 years. She then asked, "Have you spoken to a

28                              5

1  Physician about this?" The plaintiff responded, "YES, about 3 years

2  ago", and was told to deal with it. The Urologist stated, "this is

3  not normal and it's not o.k." The Urologist informed the plaintiff

4  that the mass/tumor needed to be removed now.

5      15.   On or about March 09, 2021, the plaintiff had emergency

6  surgery to remove his right testicale due to Cancerous tumors. The

7  plaintiff was able to examine the right testicale after the surgery,

8  while it was in a clear-cup next to the hospital bad. The

9  realization that he would never have children and/or family

10 suddenly struck him.

11     16. The plaintiff became overwhelmed, and begin suffering

12 severe emotional trauma while considering his quality of life.

13 It is clear to the plaintiff that the medical policies of the

14 CDCR, and supervision of the policies directly contributed to

15 the loss of his testicle. The Secretary of CDCR Diaz and the

16 Cheif Medical Doctor Felder are using medicine to punish and

17 disable prisoners.

18     17.   The plaintiff has underwent chemo treatment on

19 April 19, 2021, and was informed that he was close to dying

20 due to blood platlet count being 24, which could cause internal

21 bleeding.

22     18.   The plaintiff filed a California Correctional Health

23 Care Services grievance concerning defendant's malpractice and the

24 breach of basic medical standards of care succinctly described

25 hereinabove. Plaintiff has thus exhausted his administrative

26 remedies on August 23, 2021. Plaintiff filed a staff complaint

27 and was told this is a matter for the courts.

28                                     6

## CLAIM FOR RELIEF

### Eighth Amendment Violation-Deliberate Indifference
### to Serious Medical Needs

19.    Plaintiff refers to, and incorporates by reference herein the allegations of paragraphs 1 through 18, inclusive.

20.    Plaintiff's medical condition, as described herein, constitutes a serious medical need in that failure to treat the condition has resulted in further significant injuries. Said injuries included, but are not necessarily limited to, physical limitation, which has caused substantial distress and impaired daily regular functions, as well as, very painful medical treatments which has caused nausea and sickness.

21.    Plaintiff alleges that the failure to act and/or provided treatment earlier, left him susceptible and/or vulnerable during the COVID-19 pandemic. His immune system was compromised, and treatment was delayed and/or postpone for chemotherapy. This left the plaintiff in danger of death.

22.    Plaintiff is informed and believes, and therefore alleges, that the defendant's acted intentionally in the manner described above, and with knowledge of plaintiff's suffering and the risk of further serious harm that could result from their actions or refusal to act.

23.    Each defendant's conduct violates 42 U.S.C. § 1983, because that conduct constitutes deliberate indifference to plaintiff's serious medical needs in violation of his Eighth Amendment Right to be free from Cruel and Unusual Punishment.

24.    As approximate result of the defendant's conduct, plaintiff

7

1  has suffered and continues to suffer general damages in the form

2  of severe pain and suffering and emotional distress. Plaintiff

3  is informed and believes, and therefore alleges, that he will have

4  special damages in the future in the form of sexual dysfunction,

5  and interpersonal relationships.

6      25.   In acting as described herein above, defendant's acted

7  despicably, knowingly, wilfully, and maliciously, or with reckless

8  or callous disregard for plaintiff's federally protected Rights,

9  enttitling plaintiff to award of exemplary and punitive damages.

10

11                    PRAYER FOR RELIEF

12    WHEREFORE, plaintiff Jack Leroy Carroll prays for judgment

13  against each/all defendant's as fallows:

14    1.   For injuntive relief in the form of proper medical diagostic

15  testing and treatment, according to proof,

16    2.   For general damages, according to proof,

17    3.   For special damages, according to proof,

18    4.   For punitive damages, according to proof,

19    5.   For reasonable attorneys fees pursuant to 42 U.S.C. § 1988,

20    6.   For court cost of the civil complaint, and

21    7.   For such other and further relief as the court deems

22  just and proper.

23

24  DATED: April 20, 2022

25

26  JACK LEROY CARROLL
    In Propria Persona

27

28                        8

1

## DECLARATION IN SUPPORT OF COMPLAINT

2     I,     Jack Leroy Carroll declare under penaity of perjury,

3  under the laws of the State of California, that the forgoing is

4  true and correct. Executed on <u>April 20, 2022</u>, at California State

5  Prison-Los Angeles County, P.O.Box 8457, Lancaster, California.

6  93539.

7

8  _____
   Jack Leroy Carroll

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         9

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

WHEREFORE, PLAINTIFF Jack Leroy Carroll prays for judgment against each and all defendant's as fallows:

1. For injuntive relief in the form or proper medical diagostic testing/treatment, according to proof;

2. For general damages, according to proof,

3. For special damages, according to proof,

4. For punitive damages, acording to proof,

5. For reasonable attorneys fees pursuant to 42 U.S.C § 1988;

6. For cost of the civil complaint, and

7. For such other and further relief as the court deems just and proper.

April 20, 2022
_____          _____
       *(Date)*                        *(Signature of Plaintiff)*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? | ☐ Yes | | Tracking #: | WSP HC 21000489 |
|---|---|---|---|---|---|

K. Holidy, RN

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|
| | K. Hol(y) | 4-13-21 |

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR #: | Unit/Cell # |
|---|---|---|
| Carroll, Jack L. | V90846 | C3-227 |

SECTION A: | Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

This is the second 602 I have submitted. The last one was sent back and 1/2 was missin. 3 years ago I spoke with a doctor on Dyard about my right testical being really hard with lumps. I was examined for 35-40 second then told I was fine. I asked are you sure. The doctor said he didn't see any reason to worry... 3/5/21 I woke to pain in my lower stomach and right testical. Dr. sent me to CTC. Where I went out to the emergency room. I was told that I had an abnormality to my testical and it could be a tumor and needed to be removed ASAP. It tested positive. I was stage I testicular cancer Seminomas and will have to have chemo treatment. This negligence could of been prevented. I wasn't even offered a follow up. If I had not seen the outside doctor I could of possibly died had the cancer spread beyond my right testical. This is Medical Malpractice. There should be an investigation into how this was allowed to happen.

Supporting Documents Attached. Refer to CCR 3999.227   ☐ Yes   ☐ No

| Grievant Signature: | Jack Carroll V90846 | Date Submitted: 4/5/21 |
|---|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.   JC

SECTION B | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only   Is a CDCR 602 HC A attached? ☐ Yes ☒ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date _____ Date _____

☐ Withdrawn (see section E)

☒ Accepted   Assigned To: HEARN   Title: _____ Date Assigned: 5/3/21   Date Due 6/16/2021

Interview Conducted? ☒ Yes ☐ No   Date of Interview 5/18/2021   Interview Location C3-Building

Interviewer Name and Title (print): LATRIEVE HEARN   Signature: _____   Date: 5/18/2021

Reviewing Authority
Name and Title (print): (4) M. Felder CEO   Signature: _____   Date: 5/27/21

Disposition: See attached letter   ☐ Intervention   ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: MAY 27 2021

| 1. Disability Code: TABE score ≥ 4.0 | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ DPH ☐ DPV ☐ LD | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPS ☐ DPM | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPP | ☐ Louder ☐ Slower | Please check one: |
| ☒ Not Applicable | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached |
| | ☐ Other | *See chrono notes |
| 4 Comments: | TABE SCORE = 11.3 | |

RECEIVED   COMPLETED   RECEIVED
K/OF   K/OF   HCGO
APR 13 2021 STAFF USE ONLY   MAY 27 2021   JUN 14 2021
HCGO   HCGO

Patient Name: CARROLL, JACK LEROY
Birth Date 9/4/1954

Patient MRN V90848
Financial Number 10000003112010797V90848

* Auth (Verified) *

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

6469284
DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:  MEDICAL ☒   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Carroll | K10846 | DS-23-2. |
| PATIENT SIGNATURE | | DATE 12/27/17 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) _a week ago I notice that my right testicle is 90% hard with temp. and the back half is soft and hurts to the touch. I'm this worried I'd like to see a Dr. about this._

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM.

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | | Received by: | |
|---|---|---|---|
| Date / Time Reviewed by RN: 12/29/17  OTW | | Reviewed by: R. Giva, RN / RG | |

S:                                                Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:  T:       P:       R:       BP:       WEIGHT:

A:
P:
☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

RECEIVED
HCCAB
JUN 14 2021

Facility Display KVSP



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:** MAY 27 2021

**To:** CARROLL, JACK (V90846)
C 003 2224001UP
Kern Valley State Prison
PO Box 3130
Delano, CA 93216

**Tracking #:** KVSP HC 21000489

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Grievances ( Grievance History ) | This is the second 602 you have submitted and the last one was sent back half missing. |
| Issue: | Disagreement with Treatment ( Primary Care Provider ) | You were seen 3 years ago for your right testicle being hard with lumps and told it was fine by the doctor; however, you now have cancer in your right testicle and require chemo. |
| Issue: | Staff Complaints ( Deliberate Indifference ) | Medical malpractice and negligence as you could have died had you not seen the outside doctor and you would like an investigation into this. |

## INTERVIEW
On 5/18/2021, you were interviewed by L. Aflague HCARN regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION
[X] No intervention.     [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:
- This is the second 602 you have submitted and the last one was sent back half missing. A copy of KVSP HC 20000952 has been attached with your current grievance.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

RECEIVED
HCGAB
JUN 14 2021

HEALTH CARE SERVICES

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes | Tracking #: WSP HC 21000489 |
|---|---|---|

K. Holidy, RN

Staff Name and Title (Print):          Signature: K. Hol[dy]          Date: 4-13-21

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15 Chapter 2, Subchapter 2, Article 6 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): Carroll, Jack L.          CDCR #: V90846          Unit/Cell #: C3-227

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

This is now the second 602 I have Submitted. The last one was sent back and 1/2 mi. sue. 3 years ago I spoke with a doctor on Dycard about my right Testical being really hard with lumps. I was examined for 35-40 second then Told it was fine I asked are you sure. The doctor said he didn't see any reason to worry.. 3/5/21 I woke To pain in my lower Stomach and right testical. Dr. Sethi to CTC. Where I went out to the emergency room. I was told that I have an abnormality to my testical and it could be a tumor and needed to be removed ASAP. It tested positive. I now stage I testicular cancer Seminomas and will have to have Chemo Treatment. This negligence could of been prevented. I wasn't even offered a follow up. If I had not seen the outside doctor I could of possibly died had the Cancer spread beyond my right testical. This is Medical Malpractice. There should be an investigation into how this was allowed to happen.

Supporting Documents Attached. Refer to CCR 3999.227 ☐ Yes ☐ No

Grievant Signature: [signature] V90846          Date Submitted: 4/5/21

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [initials]

| SECTION B: HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☒ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date:          Date:

☐ Withdrawn (see section E)

☒ Accepted          Assigned To: HCA RN          Title:          Date Assigned: 5/7/2021          Date Due 6/16/2021

Interview Conducted? ☒ Yes ☐ No          Date of Interview 5/18/2021          Interview Location: C3-Building

Interviewer Name and Title (print): LAFLEUVE HCA RN          Signature: [signature]          Date: 5/18/2021

Reviewing Authority Name and Title (print): (4) M. Felder CEO          Signature: [signature]          Date: 5/27/21

Disposition: See attached letter          ☐ Intervention          ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: MAY 27 2021

| 1 Disability Code. | 2. Accommodation. | 3. Effective Communication. |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DLT ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder/ Slower | Please check one: |
| | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached |
| ☒ Not Applicable | ☐ Other | *See chrono/notes |

4. Comments: TABE SCORE = 11.3

- You were seen 3 years ago for your right testicle being hard with lumps and told it was fine by the doctor; however, you now have cancer in your right testicle and require chemo. In review of your healthcare records, you were evaluated by an RN who completed a physical assessment and a lump was not palpable during that medical encounter. You were then referred to the Primary Care Provider who performed a physical examination on you as well. It was noted that everything was functioning correctly with urination and ejaculation. There were no suspicious lumps or palpable changes of concern. The anatomy was noted to be within normal limits. Based on this physical exam and medical history of the complaint, there was no indication that further work up was medically necessary. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.
- Medical malpractice and negligence as you could have died had you not seen the outside doctor and you would like an investigation into this. California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public. It is not in the purview of grievants to dictate administrative actions in regard to the health care grievance process. Your health care grievance was processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

M.A. Felder, MS., MBA
Chief Executive Officer
Kern Valley State Prison

5/27/21
Reviewed and Signed Date

RECEIVED
HCCAB
JUN 1 4 2021

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

HEALTH CARE SERVICES



# HEALTH CARE SERVICES



### Headquarters' Level Response

Closing Date:   AUG 23 2021

To:   CARROLL, JACK (V90846)
Kern Valley State Prison
PO Box 3130
Delano, CA 93216

From:   California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

Tracking #:   KVSP HC 21000489

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Grievances (Grievance History) | You indicated this is the second CDCR 602, Health Care Grievance, you have submitted. You indicated the last one was sent back and half of it was missing. |
| Issue: | Disagreement with Treatment (Primary Care Provider) | You stated you were seen three years ago for your right testicle being hard with lumps and told it was fine by the doctor; however, you now have cancer in your right testicle and require chemotherapy. |
| Issue: | Staff Complaints (Investigation Request) | You alleged medical malpractice and negligence as you could have died had you not been seen the outside doctor. You would like an investigation. |

## HEADQUARTERS' LEVEL DISPOSITION

☒ No intervention.      ☐ Intervention.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

HEALTH CARE SERVICES                                        P.O. Box 588500
Elk Grove, CA  95758

J.CARROLL, V90846
KVSP HC 21000489
Page 2 of 3

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider (PCP) has discussed the plan of care with you. Your health records support you have received evaluation and treatment for testicular seminoma, as determined medically necessary, including, but not limited to, PCP evaluations, diagnostic imaging, urology consultations, oncology consultations, surgery, and chemotherapy.

As indicated in the Institutional Level Response, you were seen and evaluated by nursing staff on December 29, 2017, for concerns related to lumps and pain in your testicle. You were referred to the PCP. On January 3, 2018, you were seen and evaluated by the PCP who noted your symptoms and concerns. The PCP noted things were functioning correctly and there were no suspicious lumps at that time.

On March 5, 2021, you received a nursing assessment for abdominal pain and subsequently transferred to an outside hospital for care. You received diagnostic imaging including an ultrasound and were referred to urology for further evaluation.

On June 29, 2021, you were seen and evaluated by the PCP. A history of testicular seminoma was noted. The provider noted you underwent testicular surgery and were being treated by an oncologist following two rounds of chemotherapy. You have a follow-up encounter with oncology pending scheduling.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.

You alleged negligent care; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record.

California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public.

Records indicate you have been provided with a complete copy of health care grievance tracking number KVSP HC 20000952. If you need additional information please contact the health care grievance coordinator at your institution.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA 95758

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

Digitally signed by HCCAB
Date: 2021.08.20 10:21:06
-07'00'

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

August 20, 2021
Reviewed and Signed Date

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA 95758

6/1/21

Inclosed is a copy of my original 7362
Medical form. The Dr. Doesn't even
respond in his brief about my right testicle
being Hard. So I he didn't notice any lumps-
"who makes up something like this. It was
obvious then. My medical report shows that
it was Hard, with the lumps- After
Sugrey I saw my testical in a jar held
it, the back or front half looked like
cooked hamburger meat, with Cracks. "that"
was the lumps and why it was hard. From
12/22/17 until the day I had it removed
nothing changed. So I don't know why the
Dr. is trying to cover his butt. I don't
go to medical hardly ever, only for my knee
you that took 4 years to get I mean only to
find out. "I needed Sugrey" no crap 4 years
I tride to get care this is CRAZY.

Respathly,

Jack Crum

V90BU.

RECEIVED
HCCAE
JUN 14 2021



# MEDICAL BOARD
OF CALIFORNIA

Protecting consumers by advancing high quality, safe medical care.

**Enforcement Program**
2005 Evergreen Street, Suite 1200
Sacramento, CA 95815-5401
Phone: (916) 263-2528
Fax: (916) 263-2435
www.mbc.ca.gov

Gavin Newsom, Governor, State of California | Business, Consumer Services and Housing Agency | Department of Consumer Affairs

March 14, 2022

**Jack Carrol CDCR #V90846**
Kern Valley State Prison FCB3-227
PO Box 5103
Delano, CA 93216

Re:   Your complaint to the Medical Board of California

Dear Jack Carrol:

This is to acknowledge receipt of the complaint you submitted to the Medical Board of California (Board).  The Board initiated Control Number 8002022086695 although you have not provided the full name of the treating practitioner(s) for the Board to proceed with investigating your complaint.

**Please provide <u>the full name of the practitioner</u> in question by <u>March 28, 2022</u>. Without the practitioner's full name, the Board will be unable to pursue the review of your complaint and it will be closed.**

Pursuant to Business and Professions Code section 2230.5, the Medical Board of California (Board) must file an Accusation (formal charges against a physician's license) within three (3) years of the date the Board is first notified of the act or omission alleged as the ground for disciplinary action **or** seven (7) years from the date of the incident, whichever occurs first.  As such, if you wish to provide any additional information to the Board that may assist our office in investigating the treatment provided, please send these documents to us immediately.  Documents may include patient records, photographs, audiotapes, correspondence, billing statements, proof of payments, etc.  Please refer to the control number shown above in your correspondence or contact us with us.  You will be advised of the status of your complaint at various stages throughout the complaint review process.

We appreciate your patience and thank you for bringing your concerns to our attention.

CENTRAL COMPLAINT UNIT
MEDICAL BOARD OF CALIFORNIA

CPLZ-Rev 01-2019



CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**

Governor Gavin Newsom

01/05/2022

Jack L. Carroll V90846
PO Box 5103
Delano, CA 93216

RE: Claim 21006528 for Jack L. Carroll V90846 against Department of Corrections and Rehabilitation

Dear Jack Carroll,

Government Claims Program (GCP) staff completed its investigation of your claim and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken by the GCP. Claims involving complex issues are best determined by the courts. Therefore, staff did not make a determination regarding the merit of the claim, and it is being rejected so you can initiate court action if you choose to pursue this matter further.

Additionally, the GCP has no jurisdiction to consider claims presented more than one year after accrual of the cause of action, pursuant to Government Code section 911.2.

If you choose to pursue court action in this matter, it is not necessary or proper to include the GCP in your lawsuit unless the GCP was identified as a defendant in your original claim. Please consult Government Code section 955.4 regarding proper service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone, mail, or email using the contact information below. Please remember to reference the assigned claim number (21006528) in your communication.

Sincerely,

Sheila Emami, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

## CLAIMANT INFORMATION

| LAST NAME | FIRST NAME | | MIDDLE INITIAL |
|---|---|---|---|
| Carroll | Jack | | L. |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME (if applicable) |
|---|---|
| V-90846 | None |

| TELEPHONE NUMBER | EMAIL ADDRESS |
|---|---|
| None | None |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| P.O. Box 8457 | Lancaster | CA | 93539 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME (Insurance Company Subrogation) |
|---|---|
| ☐ Yes   ☒ No | None |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME (if applicable) |
|---|---|---|
| ☐ Yes   ☒ No | None | |

## ATTORNEY OR REPRESENTATIVE INFORMATION

| LAST NAME | FIRST NAME | | MIDDLE INITIAL |
|---|---|---|---|
| None | None | | |

| TELEPHONE NUMBER | EMAIL ADDRESS |
|---|---|
| None | None |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| None | None | None | None |

## CLAIM INFORMATION

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| California Department of Corrections | On Going |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

The failure of Department of Correctional employees to treat the claimant for testiclar tumors, resulted in the loss of his right testicle, and the need for 'chemo' treatment. The claimant was told he could die from treatment, and was transferred to a new medical prison 60 days ago.

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE (Required, if amount is more than $10,000) |
|---|---|
| $500,000.00 | ☐ Limited ($25,000 or less)  ☒ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION

Deliberate Indifference to a serious medical need resulting in injury

INCIDENT LOCATION

Delano, California.

SPECIFIC DAMAGE OR INJURY DESCRIPTION

The claimant informed the CDCR medical department that he had testicle tumors in his right testicle. The Primary Care Provider and Regiistered Nurse refused to provide the claimant with any real treatment. The Cancer spread to his abdomen and nearly him. Due to the laziness and vindictiveness he loss a testicl killed

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY

Claimant requested medical help to treat his testicle tumors. His Primary Care Provider and Registered Nurse wished him dead. They refused to give any treatment, and allowed the Cancer to spread to his abdomen. He was only saved by treatment from outside the CDCR. The prison MD and RN tried to kill him.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

The CDCR Medical Doctor and Registered Nurse refused to treat the claimant for testiclar tumors, allowing Cancer to spead throughout his body for three years. The CDCR Doctor and Registered Nurse were his only medical option, as they had the power to block ALL medical help. The CDCR employed the MD and RN.

STATE OF CALIFORNIA

DEPARTMENT OF GENERAL SERVICES

**FEE WAIVER REQUEST**

OFFICE OF RISK AND INSURANCE MANAGEMENT

DGS ORIM 005 (Rev. 09/19)

## CLAIMANT INFORMATION

| FIRST NAME | | LAST NAME |
|---|---|---|
| Jack L. | | Carroll |

| CLAIM NUMBER (IF KNOWN) | TELEPHONE NUMBER |
|---|---|
| | None |

If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance.

INMATE IDENTIFICATION NUMBER

V-90846

## FINANCIAL INFORMATION

☐ I am receiving financial assistance from one or more of the following programs

- Supplemental Security Income (SSI) and State Supplemental Payments (SSP)
- California Work Opportunity and Responsibility to Kids (CalWORKS)
- CalFresh/SNAP (formerly Food Stamps)
- General Relief (GR) or General Assistance (GA)

☐ Number of household members and monthly household income are within one of the categories below.

| Number of Household Members | Maximum Monthly Household Income |
|---|---|
| 1 | $1,012 |
| 2 | $1,372 |
| 3 | $1,732 |
| 4 | $2,092 |
| 5 | $2,452 |
| 6 | $2,812 |

For each additional household member beyond 6, add $360 to the maximum monthly household income

## CLAIMANT CERTIFICATION

*I request a waiver of the $25 fee to file a government claim. I declare under penalty of perjury, per Penal Code Section 72, that the information provided on this application is true and correct.*

| Signature | | Date |
|---|---|---|
| | | April 20, 2022 |

Department of General Services
Office of Risk and Insurance Management
Government Claims Program
PO Box 989052, MS 414
West Sacramento, CA 95798-9052

1-800-955-0045 - File a Government Claim

STATE OF CALIFORNIA
## GOVERNMENT CLAIM
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

### AUTOMOBILE CLAIM INFORMATION

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER(if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes  ☒ No | None | None |

| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER? | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
|---|---|---|
| ☐ Yes  ☒ No | None | None |

| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY? | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE(if any) |
|---|---|---|
| ☐ Yes  ☒ No  Filed Civil suit | Pending | |

### NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| | Jack Leroy Carroll | April 20, 2022 |

### INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

### Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGSORIM**
**Public Records Officer**
707 3rd St., West Sacramento, CA 95605
(916) 376-5300

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __JACK LEROY CARROLL_____, declare:

I am over 18 years of age and a party to this action. I am a resident of __CALIFORNIA STATE__

__PRISON-LOS ANGELES COUNTY_____Prison,

in the county of __LOS ANGEGES_____,

State of California. My prison address is: __P.O.BOX 8457 - Lancaster, California__,

__93539-8457_____.

On_____April 21, 2022_____,
             (DATE)

I served the attached: __42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT__ and

__SUPPORTING EVIDENCE (Documentary evidence)_____
                    (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage
                                ELECTRIC FILING
thereon fully paid, in the ~~United States Mail in a deposit box~~ so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Was handed to the Prison Law Libarian for processing in accordance
with United States District Court-Central District of California
policy for E-Processing 42 U.S.C. § 1983 Civil Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _April 21, 2022_
                 (DATE)

_____
            (DECLARANT'S SIGNATURE)
        JACK LEROY CARROLL

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER<br><br>_____<br>*To be supplied by the Clerk* |
| v. | |
| DEFENDANT(S). | **CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)*<br>☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.   Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b.   Court _____

_____

c.   Docket or case number _____

d.   Name of judge to whom case was assigned _____

e.   Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.   Issues raised: _____

_____

_____

g.   Approximate date of filing lawsuit: _____

h.   Approximate date of disposition _____

## B.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.   Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2.   Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.   Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.   Please attach copies of papers related to the grievance procedure.

## C.   JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____ ,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                 (Claim I)           (Claim II)         (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
       (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

2.  Defendant _____ resides or works at
       (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

3.  Defendant _____ resides or works at
       (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____              _____
            *(Date)*                                  *(Signature of Plaintiff)*